**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SUHRE ASSOCIATES, INC., | CIVIL ACTION NO. 05-4332 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| INTERROLL CORPORATION, |  |
| Defendant. |  |

**COOPER, District Judge**

The defendant, Interroll Corporation ("ITR"), moves to: (1) transfer the action to the United States District Court for the Eastern District of North Carolina under 28 U.S.C. § ("Section") 1404, (2) dismiss the complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(3), or (3) stay the action and compel arbitration. (Dkt. entry no. 8.) The Court will (1) decide the motion without oral hearing and on the papers under Rule 78, (2) grant the part of the motion seeking to transfer the action, (3) deny the part of the motion seeking dismissal as moot, (4) deny the part of the motion seeking a stay and to compel arbitration without prejudice, and (5) transfer the action to the Eastern District of North Carolina.

### BACKGROUND

ITR — a North Carolina corporation with a principal place of business in Wilmington, North Carolina — is a manufacturer and

supplier of conveyor components.  (Pl. Br., at 1; Compl., at 1.) The plaintiff — Suhre Associates, Inc. ("SAI") — (1) is a New Jersey corporation with its principal place of business in New Jersey, and (2) was an ITR sales representative.  (Pl. Br., at 1; Compl., at 2.)  The contract between ITR and SAI ("Contract") contains a law provision ("Law Provision"):

> This [Contract] and all rights, remedies and obligations, including but not limited to matters of construction, validity and performance, <u>shall</u> be governed exclusively by the law of the State of North Carolina, without reference to its conflict of laws and rules.

(Porter Aff., Ex. A, Contract ("Contr."), at 5, ¶ 13 (emphasis added).)  It also contains a forum provision ("Forum Provision"):

> ANY CONTROVERSY, DISPUTE OR QUESTION ARISING OUT OF, IN CONNECTION WITH, OR IN RELATION TO THIS [CONTRACT] OR ITS INTERPRETATION, PERFORMANCE OR NONPERFORMANCE, OR ANY BREACH THEREOF SHALL AT THE SOLE ELECTION AND IN THE SOLE DISCRETION OF [ITR], BE DETERMINED, TO THE EXTENT PERMITTED BY LAW, BY ARBITRATION CONDUCTED IN WILMINGTON, NORTH CAROLINA . . . AND JUDGMENT UPON ANY AWARD, WHICH MAY INCLUDE AN AWARD OF DAMAGES, MAY BE ENTERED BY THE HIGHEST STATE OR FEDERAL COURT HAVING JURISDICTION.  NOTHING CONTAINED HEREIN SHALL IN ANY WAY DEPRIVE EITHER PARTY FROM SEEKING INJUNCTIVE OR PROVISIONAL RELIEF AS MAY BE REASONABLY NECESSARY TO PRESERVE THE PARTIES' RESPECTIVE RIGHTS HEREIN.
>
> SUBJECT TO THE PRECEDING PARAGRAPH, PARTIES AGREE (A) TO THE EXERCISE OF JURISDICTION OVER IT/HIM BY A STATE OR FEDERAL COURT IN THE CITY OF WILMINGTON, NORTH CAROLINA; AND (B) THAT THE PARTY BRINGING THE ACTION <u>WILL</u> INSTITUTE SUCH ACTION IN ONE OF SAID COURTS.

(<u>Id.</u> at 6, ¶¶ 18-19 (capitalization in original; emphasis added).)

SAI alleges: (1) it earned a "straight commission . . . for sales made . . . in its assigned territory" under the Contract; (2) the Contract "became terminable only for just cause"; and (3) ITR has "failed to compensate [SAI] for any and all sales [SAI] made after April 30, 2005; and has thus deprived [SAI] of contractual commissions totaling approximately $1,080,000.00." (Compl., at 2.)

SAI brought this action (1) to recover damages for breach of the Contract, (2) to recover damages for "violation of North Carolina General Statues §§ 66-190 through 66-193," (3) for quantum meruit, (4) for a judgment declaring its rights under a provision concerning termination, and (5) to recover damages for breach of the covenant of good faith and fair dealing. (Compl., at 3-8.)  ITR then moved, inter alia, to transfer venue.  (See supra p. 1.)  SAI, inter alia, opposes a transfer of venue.

## DISCUSSION

### I.    TRANSFER OF VENUE UNDER SECTION 1404

The Court is vested with broad discretion to consider a transfer of venue to a district where an action might have been more-properly brought under Section 1404.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995).

#### A.    Prima Facie Showing By ITR

New Jersey is a proper venue for the action.  But ITR has shown, prima facie, that North Carolina is a more-proper venue.

3

### 1. Mandatory Language

The Forum Provision provides that litigation concerning the Contract "will" be instituted in a state court or federal court in Wilmington, North Carolina, and thus is mandatory.  See Applied Card Sys. v. Winthrop Res. Corp., No. 03-4104, 2003 WL 22351950, at *2-*3 (E.D. Pa. Sept. 23, 2003) (granting part of motion seeking transfer to Minnesota, as contract stated "venue shall be in Minnesota"); Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 571 (D.N.J. 2000) (granting part of motion seeking transfer to Washington, even though plaintiff was New Jersey citizen, as forum-selection clause given "substantial consideration").

### 2. Citizenship And North Carolina Connection

The Court will give ITR's North-Carolina-venue preference significant weight, as (1) it is consistent with the Forum Provision, and (2) ITR is a citizen of North Carolina.  See Shore Slurry Seal v. CMI Corp., 964 F.Supp. 152, 157 (D.N.J. 1997) (granting part of motion seeking transfer to Oklahoma).

### 3. North Carolina Law Governs

The Law Provision provides that the Contract "shall be governed exclusively by the law of the State of North Carolina." Thus, it is appropriate to litigate the action in North Carolina, where the courts will be more familiar with the relevant state law.  See id. at 158 (granting part of motion seeking transfer to Oklahoma, as contract mandated same); Burger King Corp. v.

Stroehmann Bakeries, 929 F.Supp. 892, 895 (E.D. Pa. 1996) (granting part of motion seeking transfer to Florida, as contract mandated same).

### 4. North Carolina's Interest

ITR operates out of North Carolina. (See, e.g., Contr., at 1 (listing ITR address in North Carolina); Porter Aff., at 1-2 (stating ITR's comptroller, a regional sales manager, and sales-and-marketing vice president based in North Carolina); Pl. Br., Ex. B, 4-26-05 Letter from SAI to ITR (sent to North Carolina address).) Thus, the North Carolina courts have a strong interest in overseeing ITR's conduct. See Applied Card, 2003 WL 22351950, at *3 (granting part of motion by Minnesota corporation seeking transfer to Minnesota); Cadapult Graphic Sys. v. Tektronix, Inc., 98 F.Supp.2d 560, 568 (D.N.J. 2000) (granting part of motion by Oregon corporation seeking transfer to Oregon).

### 5. Sophistication Of SAI

SAI (1) acted as an ITR representative for over 35 years, and (2) earned about $18,000 in commissions monthly. (ITR Reply Br., at 4; Pl. Br., at 1; Suhre Aff., at 2.) Given the amount of commissions earned and the length of the business relationship, the Court considers SAI to have been a "sophisticated" entity — and thus well aware of the Forum Provision's implications — when it executed the Contract. Applied Card, 2003 WL 22351950, at *3 (granting part of motion seeking transfer); Barbuto v. Med. Shoppe

Int'l, 166 F.Supp.2d 341, 347 (W.D. Pa. 2001) (same); Shore Slurry, 964 F.Supp. at 156 (same).

### B. SAI's Burden

SAI now has the burden of showing why (1) it should not be bound by the Forum Provision, and (2) the action should not be transferred to North Carolina.  See Shore Slurry, 964 F.Supp. at 156.  SAI has failed to meet this burden.

#### 1. Convenience

SAI argues that a New Jersey venue is more proper because SAI "is a small business consisting of one employee" with "limited resources and physically located within [New Jersey], whereas [ITR] is a multimillion dollar company that conducts business throughout the United States."  (Pl. Br., at 1, 11.)

This argument is without merit.  SAI, by executing the Contract containing the Forum Provision, "bear[s] the risks of such inconvenience."  Cadapult, 98 F.Supp.2d at 568.  Also, North Carolina "is not a remote alien forum" that would effectively deprive SAI of its day in court.  Barbuto, 166 F.Supp.2d at 347 (cites and quotes omitted) (rejecting argument — in granting part of motion seeking transfer — that plaintiffs lacked resources to litigate elsewhere and could not afford time away from business).

#### 2. Forum Provision Drafted By ITR

SAI argues that the Forum Provision is unenforceable because it "was drafted without [its] participation, by [ITR]."  (Suhre

6

Aff., at 2.) This argument is without merit, as the Forum Provision is (1) not obfuscated, (2) typed in capital letters, and (3) on the page immediately preceding the signatures executing the Contract. (Contr., at 5-6.) See Coleman v. Lazy Days RV Ctr., No. 04-2198, 2005 WL 1154492, at *3 (M.D. Pa. May 6, 2005) (granting part of motion seeking transfer, as forum clause "is in no way inconspicuous or hidden," and in same-size type as others); Wilson Of Wallingford v. Reliable Data Sys., No. 95-6686, 1995 WL 734232, at *1-*2 (E.D. Pa. Dec. 5, 1995) (rejecting arguments — in granting part of motion seeking transfer — that plaintiff's representative did not read or bargain for forum clause).[1]

### 3. ITR Does Business In New Jersey

SAI argues that New Jersey is a more-proper venue because ITR (1) does business here, and (2) is subject to personal jurisdiction here. (Pl. Br., at 7, 10.) This argument is without merit, in light of the existence of the Forum Provision. See Applied Card, 2003 WL 22351950, at *3 (rejecting same argument in granting part of motion seeking transfer); Shore Slurry, 964 F.Supp. at 158 n.5 (rejecting arguments — that

---

[1] The Forum Provision is still enforceable, even if ITR breached the Contract. See Versar, Inc. v. Ball, No. 01-1302, 2001 WL 818354, at *2 (E.D. Pa. July 12, 2001) (rejecting argument that forum clause expires when contract terminates or is breached).

contract negotiated in New Jersey and defendant sent personnel to New Jersey — as "irrelevant to the transfer analysis" in granting part of motion seeking transfer).

### 4. Coercion

SAI argues that the Court should not enforce the Forum Provision because it "was given no choice but to sign [the Contract] or have [SAI's] appointment terminated." (Suhre Aff., at 2.)

The argument is without merit. A contract induced by coercion may not be enforceable. Cf. Coleman, 2005 WL 1154492, at *4 (rejecting argument that non-negotiated boilerplate is unenforceable in granting part of motion seeking transfer). But "inequality of bargaining power" or a "take-it-or-leave-it" offer in a business negotiation does not constitute coercion. Beck v. CIT Group/Credit Fin., No. 94-5513, 1995 WL 394067, at *7 (E.D. Pa. June 29, 1995) (granting motion to transfer based on forum provision). Indeed, "[t]o permit a party with proportionately less bargaining power silently to acquiesce in a contract provision and later to evade it as [that party] may choose is effectively to bestow upon that party unique and superior bargaining power." Id.

## II. NO DISMISSAL UNDER RULE 12(b)(3)

The North Carolina factors outweigh the New Jersey factors, and thus the Court will grant the part of the motion seeking to transfer the action. But the Court will deny the part of the

motion seeking dismissal of the complaint under Rule 12(b)(3), because "it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss." Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 299 (3d Cir. 2001).

A federal venue is available in compliance with the Forum Provision. The Eastern District of North Carolina has a division in Wilmington. See http://www.nced.uscourts.gov/divoff.html. The Forum Provision does not mandate a state-court venue; it merely mandates any court in Wilmington. (See Contr., at 6.) See Coleman, 2005 WL 1154492, at *3 (granting part of motion seeking transfer to Middle District of Florida, as contract mandated complaint "must be filed exclusively in Hillsborough County, Florida," and that court had division therein, i.e., Tampa). Cf. Spectracom, Inc., v. Tyco Int'l, No. 03-3845, 124 Fed.Appx. 75, 76-77 (3d Cir. Oct. 27, 2004) (affirming judgment dismissing complaint without prejudice to refile in state court in Arapaho County, Colorado, as forum-selection clause mandated action "shall only be brought" in that county, which lacked federal court therein).

**CONCLUSION**

The Court will (1) grant the part of the motion seeking to transfer the action, (2) deny as moot the part of the motion seeking to dismiss the complaint, (3) deny without prejudice the part of the motion seeking a stay and to compel arbitration without prejudice, and (4) direct the Clerk of the Court to transfer the action to the United States District Court for the Eastern District of North Carolina.  The Court will issue an appropriate order.

                                             s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge